No. 59 January 31, 2024 505

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

NATHAN L. LORENGEL,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A175020

Submitted December 7, 2022.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Reversed and remanded.

**SHORR, P. J.**

Petitioner seeks judicial review of a September 30, 2020, order of the Board of Parole and Post-Prison Supervision that, pursuant to ORS 163A.100 and OAR 255-085-0020 (Apr 29, 2020), set his sex offender notification level (SONL) at Level III (High). Petitioner contends that the board violated its own rule when it failed to adequately account for sex-offense-free time in the community in setting his SONL.

We recently held that, under the same version of OAR 255-085-0020 at issue in this case, the board erred in failing to account for sex-offense-free time in the community in setting an offender's risk level, given the attending rules and research accompanying the assessment methodology adopted by the board. *Sohappy v. Board of Parole*, 329 Or App 28, 540 P3d 568 (2023). In another case decided the same day, we concluded that even though the petitioner in that case had not preserved the same issue before the board, it was a situation where we would relax or set aside the administrative exhaustion requirements. *Watson v. Board of Parole*, 329 Or App 13, 20-21, 540 P3d 20 (2023). Assuming without deciding that plain error review applied, we exercised our discretion to correct a plain error and reversed based on the clear state of the law under *Sohappy*. *Id.* at 21-25.

As this case presents the same substantive issues raised in those cases, and arises under the same procedural posture as *Watson*, we reverse and remand for further proceedings.

Reversed and remanded.